# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL TURNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 16 C 10237 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| ROBERT MUELLER, Warden, | ) | |
| Centralia Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

In June 2009, Petitioner Michael Turner was convicted of being an armed habitual criminal and unlawful use of weapons by a felon in the Circuit Court of Will County. He was sentenced to concurrent terms of ten years of imprisonment for each conviction. Currently before the Court is Turner's *pro se habeas corpus* petition under 28 U.S.C. § 2254 [1]. For the reasons stated herein, the petition is denied.

## Factual Background[1]

A police officer stopped Turner for a traffic violation in December 2007 and discovered that his driver's license was suspended. Resp't Ex. B, Direct Appeal Br., *People v. Turner*, No. 3-09-0756 (Ill. App. Ct.), ECF No. 13-1; *Turner*, No. 3-09-0756, at 2. According to the officer's testimony, he also noticed a bulge in Turner's clothing. *Turner*, No. 3-09-0756, at 2.

---

[1]    The factual background is based upon the opinion issued by the state appellate court on direct review. *See* Resp't Ex. A, *People v. Turner*, No. 3-09-0756 (Ill. App. Ct. May 23, 2011), ECF No. 13-1. The state appellate court was the final court to adjudicate Turner's claims.

When the officer asked Turner to exit his vehicle, Turner fled. *Id.* Police officers followed Turner to his apartment building, where an officer observed him walking from an upper floor to a lower floor, where his apartment was located. *Id.* Officers recovered a handgun from underneath a doormat on the floor above Turner's. *Id.* Following a standoff, Turner was arrested in his apartment. *Id.*

Two officers testified that Turner admitted that the gun recovered from the apartment building was his. *Id.* According to the officers, Turner had been a confidential informant and stated that he had the gun because he feared retaliation. *Id.* Turner had previously been convicted of aggravated unlawful use of weapons by a felon and unlawful possession of weapons by a felon. *Id.*

## Procedural Background

Turner's case proceeded to trial twice; his first trial ended with a hung jury. *See* Resp't Ex. H, Postconviction *Finley* Br., *People v. Turner*, No. 3-12-0374 (Ill. App. Ct.), at 5, ECF No. 13-2. The jury in Turner's second trial convicted him of being an armed habitual criminal and unlawful use of a weapon by a felon. Resp't Ex. A at 2. He was sentenced to two concurrent terms of ten years of imprisonment. *Id.*

On direct appeal, Turner argued that his conviction for unlawful use of a weapon by a felon violated Illinois's "one-act, one-crime" rule; that he was denied a fair trial because the State attempted to shift the burden of proof during its closing argument; that trial counsel had provided ineffective assistance by failing to raise the prior two arguments; and that trial counsel had provided ineffective assistance by failing to redact from a State exhibit information regarding prior charges of which he

had not been convicted. *See id.* at 2–3, 6; *see also* Resp't Ex. B. The Illinois Appellate Court vacated Turner's conviction for unlawful use of a weapon by a felon, but rejected his other claims. Resp't Ex. A at 2–3, 16.

Turner subsequently filed a *pro se* petition for leave to appeal ("PLA") in the Illinois Supreme Court, again raising the claims that he was denied a fair trial by the State's shifting of the burden of proof and that trial counsel had been ineffective for failing to redact information about his prior criminal charges. *See* Resp't Ex. E, Direct Appeal PLA, *People v. Turner*, No. 112575 (Ill.), ECF No. 13-1. The Illinois Supreme Court denied the PLA in 2011. *See* Resp't Ex. F, *People v. Turner*, 955 N.E.2d 479 (Ill. 2011), ECF No. 13-2.

Turner then filed a *pro se* postconviction petition in 2012, raising various claims. *See* Resp't Ex. R, Trial Court Pleadings, at 386–94, ECF No. 13-8. The trial court dismissed the petition. *Id.* at 338. Turner appealed and was appointed counsel; however, counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), on the basis that his review of the facts and applicable law revealed Turner's claims to be meritless. *See* Resp't Ex. H.

For his part, Turner filed a *pro se* brief alleging various ineffective-assistance and due process claims. *See* Resp't Ex. I, Postconviction *Finley* Response Br., *People v. Turner*, No. 3-12-0374 (Ill. App. Ct.), ECF No. 13-2. The appellate court concluded that the appeal was frivolous, permitted counsel to withdraw, and summarily

affirmed the denial of the petition. Resp't Ex. G, *People v. Turner*, No. 3-12-0374 (Ill. App. Ct. Aug. 29, 2013), ECF No. 13-2; *see also* Resp't Ex. H.[2]

Next, Turner filed a *pro se* PLA, raising many of the same claims raised in the appellate court. *See* Resp't Ex. J, Postconviction PLA, *People v. Turner*, No. 116671 (Ill), ECF No. 13-2. The Illinois Supreme Court denied the PLA in 2013. *See* Resp't Ex. K, *People v. Turner*, 2 N.E.3d 1050 (Ill. 2013), ECF No. 13-3.

Turner then filed a petition for relief from judgment in 2014, arguing that the State had relied on perjured testimony; that trial counsel had provided ineffective assistance by not raising the perjury claim; and that the conviction for aggravated unlawful use of a weapon was void because the law was unconstitutional. *See* Resp't Ex. R at 531–41. The trial court denied the petition. *Id.* at 661.

On appeal, Turner was appointed counsel who again moved to withdraw under *Finley*, concluding that an appeal "would be frivolous" and meritless. *See* Resp't Ex. M, Relief from Judgment *Finley* Br., *People v. Turner*, No. 3-14-0501 (Ill. App. Ct.), at 1, ECF No. 13-3. Turner responded, asserting the same claims he had raised in the trial court. *See* Resp't Ex. N, Relief from Judgment *Finley* Response Br., *People v. Turner*, No. 3-14-0501 (Ill. App. Ct.), ECF No. 13-3. The Illinois Appellate Court found the appeal frivolous, granted counsel leave to withdraw, and affirmed the dismissal of the petition. *See* Resp't Ex. L, *People v. Turner*, No. 3-14-0501 (Ill. App. Ct. Apr. 18, 2016), at 3, ECF No. 13-3.

---

[2]    When a state appellate court grants a *Finley* motion and summarily affirms the trial court's denial of a postconviction petition without discussion, a federal court may, on *habeas* review, consider the state court record (including the *Finley* motion) to determine the basis for the decision. *Woods v. Schwartz*, 589 F.3d 368, 375 (7th Cir. 2009).

Turner filed a PLA, raising the perjury claim and a claim that his conviction was void. *See* Resp't Ex. O, Petition for Relief from Judgment PLA, *People v. Turner*, No. 120994 (Ill.), ECF No. 13-3. The Illinois Supreme Court denied the PLA in 2016. *See* Resp't Ex. P, *People v. Turner*, 60 N.E.3d 881 (Ill. 2016), ECF No. 13-4.

Turner then filed a petition for writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, in October 2016. *See* § 2254 Pet., ECF No. 1.[3]

## Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of *habeas corpus* may issue only if the petitioner demonstrates that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The availability of *habeas* relief serves as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (internal quotation marks omitted). A federal court may grant *habeas* relief only if it determines that the state court's decision on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that the state court's decision was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

---

[3]     The Illinois Department of Corrections website indicates that Turner was paroled on April 30, 2019. *See* https://www2.illinois.gov/idoc/OFFENDER/Pages/InmateSearch.aspx (last visited August 6, 2019). But Turner's release does not moot his petition, because a petitioner who is on parole is still "in custody" for *habeas* purposes. *See Reimnitz v. State's Attorney of Cook Cty.*, 761 F.2d 405, 408 (7th Cir. 1985); *Harper v. Montgomery*, 690 F. Supp. 2d 708, 709 n.2 (N.D. Ill. 2010) (stating that petitioner who had been released was still "in custody" for *habeas* purposes because he was subject to the conditions of supervised release).

For purposes of applying the standard, the Supreme Court has defined "clearly established federal law" as the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The state court need not cite, or even be aware of, controlling Supreme Court decisions, as long as the state court does not contradict precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). Furthermore, federal courts must presume that state courts know and follow federal law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). This presumption is especially strong when a state court considers well-established legal principles that have been routinely applied in criminal cases for many years. *Burt v. Titlow*, 571 U.S. 12, 19 (2013).

A state court's decision is "contrary to" clearly established federal law under § 2254(d)(1) if the state court applied a rule different from the governing law under the Supreme Court's precedents, or if it decided a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Premo v. Moore*, 562 U.S. 115, 128 (2011). In turn, a state court's decision involves an "unreasonable application" of clearly established federal law under § 2254(d)(1) if the state court identified the correct legal principle from Supreme Court precedent but unreasonably applied that principle to the facts of the petitioner's case. *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). These deferential standards are "intentionally difficult to meet," *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted), and *habeas* relief is available only "where there is no possibility fairminded jurists

could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Harrington*, 562 U.S. at 102.

In analyzing the state court decision, a federal court must review the decision of the last state court to rule on the merits of the *habeas* petitioner's claims. *McNary v. Lemke*, 708 F.3d 905, 913 (7th Cir. 2013). The state court's factual determinations are presumed correct, and the petitioner bears the burden of overcoming this presumption by clear and convincing evidence. *Thompkins v. Pfister*, 698 F.3d 976, 983 (7th Cir. 2012) (citing 28 U.S.C. § 2254(e)(1)).

In addition, the analysis is "backward looking," meaning that the federal court is limited to reviewing the record before the state court at the time the state court made its decision. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). The court is also limited to considering Supreme Court precedent as of the time the state court rendered its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011).

## Discussion

Turner's § 2254 petition presents the following 15 grounds[4] for relief:

**Ground One:** Trial counsel was ineffective for failing to redact from a prosecution exhibit information concerning prior charges of which Turner was not convicted.

**Ground Two:** Trial counsel was ineffective for failing to object when the prosecution attempted to shift the burden of proof during closing argument by arguing that cross-examination of the State's witnesses had not shown that they were motivated to lie.

**Ground Three:** The State violated Turner's due process rights by altering a videotape of his traffic stop.

---

[4] Respondent re-numbers the grounds for relief and uses that numbering system to refer to the claims throughout the response to Turner's petition. *See* Resp't Br. at 7–8, ECF No. 12. For consistency and clarity, the Court uses Turner's original numbering system.

**Ground Four:** The State violated Turner's due process rights by destroying the coat he was wearing when he was arrested.

**Ground Five:** Trial counsel was ineffective for failing to object to the introduction of expert testimony regarding fingerprint evidence.

**Ground Six:** Trial counsel was ineffective for failing to challenge the State's corroboration of Turner's confession.

**Ground Seven:** The State violated Turner's due process rights by suggesting he had a prior criminal record by eliciting testimony, and arguing during closing, that Turner was a confidential informant, and trial counsel was ineffective for failing to object.

**Ground Eight:** The State violated Turner's due process rights by stating in closing that Turner had a special relationship with the officers to whom he confessed, that he trusted them, and that the jury could also trust them, and trial counsel was ineffective for failing to object.

**Ground Nine:** The State violated Turner's due process rights by arguing that it was possible that there were no fingerprints on the gun because Turner was a non-secretor, it was cold, or Turner wiped down the gun, and trial counsel was ineffective for failing to object.

**Ground Ten:** Trial counsel was ineffective for failing to present evidence that a door at the crime scene was opaque, not clear glass.

**Grounds Eleven and Twelve:** Trial counsel was ineffective for failing to impeach the officers' testimony regarding their pursuit and arrest of Turner.

**Ground Thirteen:** Appellate counsel provided ineffective assistance by failing to raise the prior grounds on direct appeal.

**Ground Fourteen:** The State violated Turner's due process rights by presenting perjured testimony regarding the FBI's policy of videotaping interrogations.

**Ground Fifteen:** Turner's prior conviction for aggravated unlawful use of a weapon, which serves as a predicate for the conviction for being an armed habitual criminal, is unconstitutional.

*See* § 2254 Pet. at 8–25.

## I. Procedural Default

Respondent argues that many of Turner's claims are procedurally defaulted and must be denied. Before considering the merits of a *habeas* petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court and has avoided procedural default. 28 U.S.C. § 2254(b)(1)(A); *see also Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). A claim is procedurally defaulted if the petitioner failed to fairly present it at each level of state court review, including in a petition for leave to appeal before the state supreme court. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–46 (1999)). If a claim is procedurally defaulted, a petitioner is not entitled to *habeas* relief unless he can establish that cause exists for the default and actual prejudice was suffered, or that a fundamental miscarriage of justice resulted in a conviction despite the petitioner's actual innocence. *Buelow v. Dickey*, 847 F.2d 420, 425 (7th Cir. 1988) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

### A. Claims Not Asserted Through One Complete Round of State-Court Review (Grounds Two and Nine)

Respondent first contends that several of Turner's claims are procedurally defaulted because he failed to raise them at each level of state court review. Specifically, Respondent argues, Turner raised the ineffective assistance of counsel claim in Ground Two in his direct-appeal brief, but not in his PLA. *See* Resp't Ex. B; Resp't Ex. E. Similarly, Respondent points out, Turner raised Ground Nine in his

postconviction appellate brief, but not in his PLA. *See* Resp't Ex. I; Resp't Ex. J. Turner responds that these claims were, in fact, raised in his PLAs.

Ground Two raises an ineffective-assistance claim related to trial counsel's failure to object to the prosecution's attempt to shift the burden of proof during closing argument. Although this claim was not specifically outlined in Turner's direct appeal PLA, the PLA does urge the Illinois Supreme Court to review the prosecution's remarks "for plain error because counsel made no obj[e]ction to the improper argument." Resp't Ex. E at 108. As a *pro se* filing, the PLA must be construed in Turner's favor. *Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014). The Court finds that the PLA contains sufficient references to ineffective assistance of counsel to raise the claim before the Illinois Supreme Court. Thus, that aspect of Ground Two is not procedurally defaulted.

In Ground Nine, Turner asserts that the State violated his due process rights by arguing that it was possible that the reason there were no fingerprints on the gun was that Turner was a non-secretor, it was cold, or Turner wiped down the gun. No such claim was raised in Turner's postconviction PLA. *See* Resp't Ex. I. But Turner argues that the claim "should be considered exhausted and ruled on the merits in the interest of justice." Reply Br. at 2, ECF No. 18. The Court disagrees. Although a petitioner may excuse procedural default in some cases by showing either (1) "that failure to consider the claim[] will result in a fundamental miscarriage of justice," or (2) "cause for the default and actual prejudice as a result of the alleged violation of federal law," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), Turner has not shown

that he can meet either exception. As such, the Court concludes that Ground Nine is procedurally defaulted.

### B. Claims Rejected Based on an Adequate and Independent State-Law Ground (Grounds Five Through Eight and Ten Through Twelve)

Respondent further argues that a number of Turner's claims are procedurally defaulted because the Illinois Appellate Court rejected them on an adequate and independent state-law ground. A state prisoner's *habeas* claim may not be entertained by a federal court when "(1) a state court has declined to address th[e] claim[] because the prisoner has failed to a meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Walker v. Martin*, 562 U.S 307, 315 (2011) (quoting *Coleman*, 501 U.S. at 729–30) (internal quotation marks omitted).

A state procedural rule is "adequate" if it is "firmly established and regularly followed." *Walker*, 562 U.S. at 316 (quoting *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009)). And a state procedural rule is "independent" if the state court "actually relied on the state procedural rule as an independent basis for the disposition of the case." *Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010). Respondent contends that Grounds Five through Eight and Ten through Twelve are procedurally defaulted.

Grounds Five through Eight and Ten through Twelve encompass various due process and ineffective-assistance claims related to counsel's failure to object to testimony by an evidence technician; counsel's failure to challenge the sufficiency of Turner's confession; the State's suggestion that Turner had a criminal record and

11

counsel's failure to object; the State's improper closing argument and counsel's failure to object; counsel's failure to investigate and present evidence related to the physical characteristics of a door at the crime scene; and counsel's failure to impeach the State's witnesses. *See* § 2254 Pet. at 16–23. In his *Finley* brief, Turner's counsel argued that Turner was not entitled to relief on these grounds because his postconviction petition offered only broad, unsupported, non-specific, and conclusory allegations in support of the claims. *See* Resp't Ex. H at 12–13 ("While a *pro se* postconviction petitioner need present only a limited amount of detail to survive summary dismissal, he is not excused from providing any factual detail at all.") (citing *People v. Delton*, 882 N.E.2d 516, 522 (Ill. 2008)).

Based upon the *Finley* brief, the Illinois Appellate Court summarily affirmed the denial of the petition, presumably relying on Turner's failure to go beyond conclusory statements and provide supporting evidence—an adequate and independent state-law ground. *See* Resp't Ex. G; *see also Woods*, 589 F.3d at 375 (looking to appellate briefs to determine the basis of the state appellate court's summary ruling); *Palacio v. Sternes*, No. 02-CV-7225, 2006 WL 861261, at *4 (N.D. Ill. Mar. 31, 2006) (finding that § 2254 petitioner had procedurally defaulted claims that were rejected by the Illinois Appellate Court for failure to go beyond conclusory, unsupported statements); *McGee v. Leibach*, No. 02 C 1661, 2003 WL 22089734, at *4 (N.D. Ill. Sept. 5, 2003) (same); *McIntyre v. Barnett*, No. 98 C 5061, 2000 WL 875733, at *3 (N.D. Ill. June 27, 2000) (same).

Furthermore, Turner has not shown that he can satisfy either exception to procedural default as to these claims. Accordingly, Grounds Five through Eight and Ten through Twelve are procedurally defaulted.

## II. Merits of Remaining Claims

### A. Due Process Claims (Grounds Two, Three, Four, and Fourteen)

Turner claims that that the State violated his due process rights at trial by making improper statements in closing argument (Ground Two), altering video evidence (Ground Three), destroying the coat he was wearing at the time of his arrest (Ground Four), and relying on perjured testimony (Ground Fourteen). *See* § 2254 Pet. at 10–16, 24–25. Respondent contends that these claims fail on the merits because the state court reasonably rejected them.

#### 1. Comments in Closing Argument (Ground Two)

Turning first to Ground Two, courts apply a two-step test to determine whether a prosecutor's comments in closing argument constitute a due process violation: a court first considers whether the comments were improper, and then determines whether the defendant was prejudiced by them. *See Ellison v. Acevedo*, 593 F.3d 625, 635–36 (7th Cir. 2010) (citing *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). Here, the Illinois Appellate Court considered the propriety of the comments made by the State during its closing argument, concluding that the statement that there was "no evidence presented at trial upon which to find that its witnesses were *not* credible" was not improper. Resp't Ex. A at 15 (emphasis in original). In so doing, the court recognized that the credibility of the law-enforcement officer witnesses was the

"dispositive issue" and that the State's comments simply "focused the jury's attention" on that point. *Id.* Furthermore, the State had previously admonished the jury not to give greater weight to the officers' testimony, and Turner's counsel had argued that their testimony alone was insufficient to convict him. *Id.* at 16. In that context, the court concluded, it was proper to argue that the witnesses' credibility "had suffered no attack and that they should be believed." *Id.* That conclusion is not contrary to, nor an unreasonable application of, *Darden*. When the remarks are considered in context, it is clear that the jury was aware that the State had the burden of proof and that the State was simply commenting on Turner's failure to raise doubt as to the case against him. Thus, Turner is not entitled to relief as to Ground Two.

## 2. Preservation of Evidence (Grounds Three and Four)

In Ground Three, Turner contends that the State played an altered version of the videotape of the traffic stop at his second trial. *See* § 2254 Pet. at 10–13. And in Ground Four, Turner contends that the State destroyed the coat he was wearing when he was arrested. *Id.* at 13–16. Respondent contends that these claims were reasonably rejected by the state court.

Claims related to the failure to preserve evidence are governed by *Arizona v. Youngblood*, 488 U.S. 51 (1988). *Youngblood* requires a criminal defendant to demonstrate: "(1) bad faith on the part of the government; (2) that the exculpatory value of the evidence was apparent before the evidence was destroyed; and (3) that the evidence was of such a nature that the defendant would be unable to obtain

comparable evidence by other reasonably available means." *United States v. Stewart*, 388 F.3d 1079, 1085 (7th Cir. 2004) (internal quotation marks omitted).

On appeal of the denial of Turner's postconviction petition, appointed counsel argued in his *Finley* brief that Turner's claim as to the videotape of the traffic stop (Ground Three) was contradicted by the record. *See* Resp't Ex. H. at 10–11. In fact, during Turner's second trial, the prosecutor explained that the tape played during the first trial was a *copy* that was subsequently damaged by a VCR. *See* Resp't Ex. Q, Trial Tr., at 850:3-14, ECF No. 13-7. Therefore, the *original* videotape was played at the second trial. *Id.* Moreover, defense counsel confirmed that he had viewed both tapes and that they were identical, *id.* at 850:18–851:7, and Turner testified that the tape played at the second trial "pretty much showed what happened with the stop." *Id.* at 731:17-19, ECF No. 13-6. Thus, the record does not establish that any evidence was destroyed, much less that it was destroyed in bad faith. And there is nothing to suggest that the copy of the tape had any exculpatory value.

Given this, the Illinois Appellate Court's decision permitting counsel to withdraw and summarily affirming the denial of the petition was not contrary to, nor an unreasonable application of, *Youngblood*. Turner is not entitled to relief on Ground Three.

Ground Four, which concerns the destruction of Turner's coat, also fails. In his postconviction *Finley* brief, appointed counsel noted that although Turner wanted to use the coat "to demonstrate that the officer could not have detected a bulge (the

gun) under the coat at the traffic stop," there were multiple other grounds to arrest Turner, and therefore "the gun would still have been found." Resp't Ex. H at 11–12.

For his part, Turner has pointed to no evidence that the coat was destroyed in bad faith (or even that it was destroyed at all). But even if he *could* show bad faith, Turner has not established that the coat would constitute exculpatory evidence. As appointed counsel pointed out in his *Finley* brief, Turner was subject to arrest because he was driving on a suspended license and then fled a traffic stop. Thus, even if he could have used the coat at trial to show that it would have concealed the gun, "the gun would still have been found . . . as a result of the search incident to [Turner's] permissible arrest." *Id.* at 12. Accordingly, the Illinois Appellate Court's ruling was not contrary to, nor an unreasonable application of, *Youngblood*, and Turner is not entitled to relief on Ground Four.

### 3.    Perjured Testimony (Ground Fourteen)

In Ground Fourteen, Turner claims that his due process rights were violated at trial when the State presented perjured testimony by a police officer and an FBI agent. *See* § 2254 Pet. at 24–25. According to Turner, the officer and agent lied when they testified that the FBI had a policy of not recording interrogations. Turner points to a provision of an FBI handbook, arguing that it contradicts that testimony. *See id.*

To prevail on a claim that the prosecution relied on perjured testimony, a *habeas* petitioner must show that "1) the prosecution's case included perjured testimony; 2) the prosecution knew, or should have known, of the perjury; and 3) there is any likelihood that the false testimony could have affected the judgment of the

jury." *Ashburn v. Korte*, 761 F.3d 741, 757 (7th Cir. 2014) (quoting *United States v. Adcox*, 19 F.3d 290, 295 (7th Cir. 1994)).

Here, on appeal from the circuit court's denial of Turner's petition from relief from judgment, appointed counsel argued in his *Finley* brief that the claim was meritless because the officer and agent "did not commit perjury." Resp't Ex. M at 9. Appointed counsel pointed to evidence that, although the FBI had a policy of not recording interviews at the time of Turner's interrogation in December 2007, that policy was changed in 2014. *See id.* at 9.[5]

Turner relies on the 2007 handbook, which provides that an FBI agent could get approval to tape an interview. *See* § 2254 Pet. at 25. But this is consistent with the FBI agent's testimony that, under FBI policy, interviews would not be taped "without clearance from our special agent in charge[.]" Resp't Ex. Q at 713:11-14. Thus, the state court's decision affirming the denial of the petition for relief from judgment was not contrary to, nor an unreasonable application of, federal law; rather, the court reasonably rejected this claim because Turner had failed to establish the requirement that the prosecution's case included perjured testimony.

## B. Conviction for Aggravated Unlawful Use of a Weapon (Ground Fifteen)

In Ground Fifteen, Turner argues that his conviction as an armed habitual criminal is void because it is predicated on his conviction for aggravated unlawful use of a weapon. According to Turner, "the Illinois Supreme Court declared the

---

[5]    Appointed counsel provided the Illinois Appellate Court with a copy of a memorandum from the U.S. Department of Justice announcing the policy change. *See* Resp't Ex. M at 9 n.1. The memorandum is located at page 17 of the state court record, ECF No. 13-3.

Aggravated Unlawful Use of Weapon statute uncons[t]itutional on its face." § 2254 Pet. at 25. Respondent argues that the Court lacks jurisdiction to consider this claim.

A federal court has jurisdiction to consider a § 2254 petition only if a petitioner is "'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (emphasis added). Furthermore, a petitioner is "in custody" only if his physical liberty is currently limited as a "*direct* consequence of the challenged conviction." *Stanbridge v. Scott*, 791 F.3d 715, 719 (7th Cir. 2015) (emphasis in original).

Along these same lines, a federal court lacks jurisdiction where a petitioner challenges a sentence that has already been completed or that relates to a prior conviction that merely "serves as a necessary predicate" for a subsequent conviction for which the prisoner is now in custody. *Id.* (holding that petitioner could not challenge the constitutionality of his prior conviction because the sentence had already been completed, even though it served as a predicate offense for his confinement). Here, because Turner filed his § 2254 petition after completing his sentence for aggravated unlawful use of a weapon—which was vacated by the state court—the Court lacks jurisdiction to consider Ground Fifteen.

### C.  Ineffective-Assistance Claims (Grounds One, Two, and Thirteen)

Respondent next contends that Turner's ineffective assistance of counsel claims fail on the merits because the state court reasonably rejected them.

In Ground One, Turner contends that trial counsel provided ineffective assistance by "fail[ing] to redact from People's Exhibit 6 charges of attempt (first

degree murder) and aggravated battery with a firearm," of which Turner was never convicted. § 2254 Pet. at 8. Because a state court has adjudicated this claim, this Court may not grant *habeas* relief unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

Here, Turner cannot demonstrate that the state court ruling on direct appeal was either contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to succeed on an ineffective-assistance claim, a petitioner must show that his attorney's performance was constitutionally deficient insofar as it "fell below an objective standard of reasonableness" as measured against "prevailing professional norms." *Id.* at 688. In addition, a petitioner must show that any error made by his attorney caused him prejudice. *Id.* at 692.

Here, citing to cases that directly apply *Strickland*, the Illinois Appellate Court concluded that counsel's performance was not deficient and that Turner had suffered no prejudice from the unredacted exhibit. *See* Resp't Ex. A at 4–6 (citing *People v. Glenn*, 842 N.E.2d 773, 776 (Ill. App. Ct. 2006) (applying *Strickland*)). This decision was based largely on the fact that nothing in the record demonstrated that the jury had ever seen the exhibit. *Id.* at 4–5. "Rather, the trial court simply informed the jury that the parties stipulated that the State proved [Turner's] prior convictions with certified copies of those convictions." *Id.* at 4. Thus, there was no evidence that the exhibit had "any effect on the outcome of the proceedings." *Id.* at 5. An exhibit that

is not presented need not be redacted, and therefore counsel's performance had not been deficient and had resulted in no prejudice. *Id.* at 3–6. That conclusion is neither contrary to, nor an unreasonable application of, *Strickland*, so Ground One fails.

In Ground Two, Turner argues that his trial counsel was ineffective for failing to object to improper comments made in the State's closing argument that attempted to shift the burden of proof. *See* § 2254 Pet. at 9–10. For the reasons discussed *supra* Section II.A.1, the Illinois Appellate Court reasonably concluded that the State's comments were not improper. Thus, counsel was not ineffective for failing to object to the comments, and Turner suffered no prejudice from the lack of objection, because such an objection would have been meritless. "Failure to raise a losing argument . . . does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996). Thus, Turner is not entitled to relief on this aspect of Ground Two.

For similar reasons, Turner is not entitled to relief on Ground Thirteen, in which he argues that his appellate counsel provided ineffective assistance by failing to raise Grounds Three through Eleven on direct appeal. § 2254 Pet. at 23–24. The state appellate court reasonably rejected this claim because none of those claims was meritorious. Appellate counsel cannot be said to have provided ineffective assistance by failing to raise these "losing argument[s]" on appeal. *Stone*, 86 F.3d at 717. Because the Court has concluded that Turner is not entitled to relief on any of the

claims contained in Grounds Three through Eleven, his ineffective-assistance claim in Ground Thirteen also fails.[6]

## Conclusion

The petition for a writ of *habeas corpus* is denied. The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, because Turner has not made a "substantial showing of the denial of a constitutional right" such that reasonable jurists could debate this Court's resolution of the case. 28 U.S.C. § 2253(c)(2); *Narvaez v. United States*, 674 F.3d 621, 626 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)). This case is hereby terminated.


**IT IS SO ORDERED**          **ENTERED: 8/7/19**

_____
**John Z. Lee**
**United States District Judge**

---

[6]     The Court need not reach the merits of the ineffective-assistance claims raised in Grounds Five through Twelve, because they are procedurally defaulted for the reasons previously discussed.